SMITH *v.* SMITH.

WILL.  *Burden of proof.*  The doctrine of this Court has always been uni-
form, that when a will is produced, and its formal execution es-
tablished by proof, and the will is attacked for fraud or incapacity
in the testator, the burden of proof is upon the assailing party to
show the fraud, undue influence or want of testamentary capacjty.
When, however, insanity is shown to have existed before the execu-
tion of the will, the burden of proving capacity at the time of the
execution of the will, is shifted upon the plaintiff.

Cases cited : Ford *v.* Ford, 7 Hum., 92; Puryear *v.* Sallie Reed, 6 Cold.,
25.

Authorities cited: Car. L. S., 789; 1 Swinb. 45; 1 Redf. 46; 2 Greenl.
on Ev., ?689; 1 Jarm., 74; 56 Verm., 38; Peters, C. C., 163; 4 Washb.,
C. C., 262; 10 N. H., 514; 5 Johns., 144; 4 Conn., 207; 7 Gray, 71;
Halley *v.* Webster, 21 Maine, 461.

FROM SMITH.

Appeal from the Circuit Court.  N. W. McCon-
NEL, Judge.

A. A. SWOPE and JNO. S. McMURRY for defendant.

No brief for plaintiff. .

SNEED, J., delivered the opinion of the Court.

This was an issue *devisavit vel non* upon the will of
Jesse Smith, deceased, late of Davidson County, tried
in the Law Court of Nashville, and resulting in a
verdict and judgment against the will.  The due and

formal execution of the script was established by the testimony of the subscribing witnesses, whereupon it was assailed by the contestants for an alleged want of testamentary capacity in the testator, and upon the ground of fraud and undue influence by the chief devisee in its procurement. It is not necessary or proper to intimate an opinion as to the propriety of the verdict on the facts, as the case goes down for a new trial upon an error of law. After the charge of the Court had been given to the jury, the counsel for the proponent requested further instructions to the effect that the legal execution of the will having been proven, the *onus probandi* is upon the contestant to establish a want of testamentary capacity in the testator, or that the will was procured by undue influence.

These instructions the Court declined to give, upon the alleged ground that the charge already given embraced the propositions embodied in said request. It is certainly true, that the Court is not bound to repeat a proposition of law already charged, and thus give it an undue prominence in the minds of the jury and if the substance of the instructions requested had, in fact, been incorporated in the charge, no error could be predicated upon the Court's refusal to recharge the same proposition. But upon a careful analysis of the charge we find that the proposition requested is not in the charge, and indeed there is nothing whatever in the charge as to the burden of proof under the hypothesis assumed. Whatever may be the con-

Smith *v.* Smith.

flict of judicial ruling elsewhere upon this subject, the doctrine of this Court has always been uniform, that when a will is produced, and its formal execution established by proof, and the will is attacked for fraud or incapacity in the testator, the burden of proof is upon the assailing party to show the fraud, undue influence or want of testamentary capacity. 7 Hump., 92; 6 Cold., 25; Car. L. S., 789; 1 Swinb. 45; 1 Redf. 46; 2 Greenl. Ev., §689; 1 Jarm., 74; 56 Verm., 38; Peters, C. C. 163; 4 Washb. C. C. 262; 10 N. H., 51 54; Johns. 144; 4 Conn., 207; 7 Gray, 71. When, however, insanity is shown to have existed before the execution of the will, the burden of proving capacity at the time of the execution of the will, is shifted upon the plaintiff. *Hailey* v. *Webster*, 21 Maine, 461; *Ford* v. *Ford*, 7 Hump., 90. We hold that his honor erred in refusing the instructions asked for. Reverse the judgment and award a new trial.